```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA
```

ROBIN M. ELLISON,              )
                               )
          Plaintiff,           )
                               )
v.                             )    Case No. CIV-06-316-FHS
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Robin M. Ellison ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 19, 1964 and was 42 years old at the time of the ALJ's decision. Claimant completed her GED. Claimant has no past work experience, save for a short stint as a cashier. Claimant alleges an inability to work beginning January 21, 1991 as a result of a gunshot wound which resulted in a bullet being lodged in Claimant's spine. Claimant alleges several impairments as incident to the wound including chronic neck and back pain, numbness in the left chest, upper back and extremities, and frequent muscle spasms in both thighs. Claimant also contends her obesity exacerbates her condition.

### Procedural History

On July 18, 2003, Claimant filed for supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 401, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ Michael A. Kirkpatrick was held on January 5, 2005 in McAlester, Oklahoma. By decision dated August 26, 2005, the ALJ found that Claimant was not disabled at any time through the date of insurability. On June 5, 2006,the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He applied the Grids to determine Claimant was not disabled and retained the residual functional capacity ("RFC") to perform a full range of light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in using the Grids due to her non-exertional pain. Additionally, Claimant argues the ALJ's RFC determination was erroneous.

### Application of the Grids

Claimant contends the ALJ found she suffered from pain but proceeded to apply the Grids when such application was inconsistent with the pain findings. Claimant attempts to make more of the

4

ALJ's findings with regard to pain than either the decision or the evidence supports. The ALJ noted Claimant had received little treatment of her alleged impairments. The record supports this finding.

On November 15, 2000, Claimant was evaluated by Charles B. Fullenwider, M.D. noted the bullet from her gunshot wound was lodged in the anterior portion of T1 with no involvement of the spinal canal. He found old fractures which were partially healed. A Barium swallow showed no evidence of compression, stricture or other abnormalities. Additionally, Dr. Fullenwider found no evidence of poor motility and was found by the radiologist to be within normal motility. Dr. Fullenwider recommended that no surgery be performed to attempt to remove the bullet. He also recommended Claimant undergo a psychological evaluation for post traumatic stress related to the gunshot wound. However, Dr. Fullenwider declined to refill the prescription for Claimant's Lorcet pain medication. (Tr. 84).

Claimant was treated for right foot pain on December 12, 2003 by Christopher DeLoache, D.O. Notably, Dr. DeLoache found Claimant was "a very active 35 year old female . . . ." (Tr. 137). Claimant acknowledged at that time she was not taking any medication. Id.

Claimant presented to the Haskell County Healthcare System on December 1, 2004, complaining of a cough. The physician's

assistant who attended Claimant noted "[p]atient spontaneously moves all extremities without focal motor weakness. She ambulates in with normal gait without assistance." Claimant was diagnosed with bronchitis and sinusitis. (Tr. 143).

A consultative examination was conducted by Robert Tobias, M.D. on August 13, 2003. Dr. Tobias noted Claimant "[a]ll of her movements are free an (sic) easy and she exhibits no definite pain behavior throughout any portion of the examination, except on going through ROM of shoulders and low back." He found Claimant's grip strength, upper and lower extremity strength normal. He also determined Claimant "has moderate decrease of sensation of essentially the entire left side of her body in a non anatomical distribution." Claimant was found to have normal toe and heel walking. (Tr. 88). Dr. Tobias concluded "[n]o objective findings to explain her complaints of rather extreme disability." (Tr. 89).

Based upon this medical evidence, the ALJ found "claimant's physical functional limitations were no more than moderate and not disabling, and that claimant has no functional limitations due to a mental health impairment." He thereafter engaged in an extensive review of the medical evidence which runs contrary to Claimant's complaints of impairment. (Tr. 22). With regard specifically to pain, the ALJ found Claimant's complaints to not be credible. He found "Claimant alleges that she has intractable, unrelenting pain in her extremities and back. The medical evidence (including the

6

frequency upon which claimant has sought treatment) tends to suggest that claimant, rather than experiencing pain in an intractable nature, experiences severe pain on only rare (if any) occasions. Claimant has not had any continuing treatment for pain. It would appear that if claimant were experiencing the degree of intractable pain and discomfort in her back and extremities which she alleges, she would have sought additional tretatment with the appropriate medical specialist." (Tr. 22). He also found Claimant was not taking pain medication. Id. Therefore, he concluded Claimant's pain claims were not credible. (Tr. 22-23).

The use of the grids is not appropriate unless the ALJ finds "(1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). Claimant asserts her pain is a non-exertional impairment which precludes the use of the Grids. "[D]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Furthermore, "the mere presence of a nonexertional impairment does not automatically preclude reliance on the grids." Channel v. Heckler, 747 F.2d 577 at 582 n.6 (10th Cir. 1984). The presence of nonexertional impairments precludes

7

reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant.  Id.

The finding of the ALJ that Claimant's subjective severe pain complaints were not credible is supported by the record.  Further, the findings that Claimant suffered from no nonexertional impairment serious enough to limit the range of jobs available to her was supported by substantial evidence.  Thus, the ALJ properly relied on the medical-vocational guidelines to demonstrate the existence of substantial gainful work in which Claimant could engage. *See*, Castellano v. Sec. of Health & Human Servs., 26 F.3d 1027, 1030 (10th Cir. 1994)("reliance on the grids was not error as the ALJ found plaintiff's testimony regarding his pain not fully credible").

This Court has also reviewed the ALJ's RFC evaluation.  Based upon the medical evidence in the record, this Court finds the determination to be supported by substantial evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections,

with supporting brief.  Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE